**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

ARCH SPECIALTY INSURANCE COMPANY,

Plaintiff,

v. Case No.: 6:22-cv-1539-WWB-RMN

ELEVATION FINANCIAL GROUP, LLC,

Defendant.
____________________________________/

**ORDER**

THIS CAUSE is before the Court on Elevation Financial Group, LLC's ("**Elevation**") Motion for Abstention (Doc. 32) and Arch Specialty Insurance Company's ("**Arch**") Response (Doc. 36).

## I. BACKGROUND

Elevation obtained a multi-layer property insurance program for various properties located throughout the United States with Illinois Union Insurance Company ("**Illinois Union**") providing primary coverage and Arch provideing $5 million in excess coverage. (Doc. 13, ¶¶ 8–10). Coverage is subject to the terms, limitations, exclusions, and conditions set forth in the respective policies. (*Id.* ¶¶ 11–13).

On April 7, 2022, a fire occurred at Elevation's covered property in Dallas, Texas ("**Property**"). (*Id.* ¶¶ 13, 15). It is undisputed that the total claim exceeds $5 million and that Illinois Union paid its $5 million limit. (*Id.* ¶¶ 16, 17). Arch notified Elevation that after deducting depreciation, the $50,000 deductible, and the Illinois Union payment, the undisputed amount due for losses at the Property was $436,818.30. (*Id.* ¶ 18). Elevation

responded that Arch should not apply the policy's Occurrence Limit of Liability Endorsement ("**OLLE**"), because the Main Building and Expansion Building constitute one building. (*Id.* ¶¶ 12–14, 19). Accordingly, Arch filed the underlying action seeking a declaration that the OLLE applies, that the Main Building and Expansion Building are separate properties, and that the Errors and Omissions Endorsement in the Illinois Union Policy conflicts with Arch's OLLE provision. (*Id.* ¶¶ 20–60).

Thereafter, Elevation filed an action in state court against both Arch and Landmark American Insurance Company ("**Landmark**"), the third-tier excess insurance provider, seeking a declaration of their respective obligations under the multi-layer policy related to the fire that caused damage to the Property. *See Elevation Fin. Grp., LLC v. Arch Specialty Ins. Co.*, Case No. 6:22-cv-2306-WWB-RMN, Doc. 1-1. Arch removed the case to this Court on the basis of fraudulent joinder. *See id.*, Doc. 1. The Court recently issued an Order remanding the case back to state court. *Id.*, Doc. 40. The Court now addresses Elevation's motion to abstain from considering this action until after the state court resolves Elevation's declaratory action.

## II. DISCUSSION

The Declaratory Judgment Act gives courts the discretion, not the duty, to make a declaration of rights. *Ameritas Variable Life Ins. Co. v. Roach*, 411 F.3d 1328, 1330 (11th Cir. 2005) (citations omitted). "[D]istrict courts have substantial latitude in deciding whether to . . . dismiss a declaratory judgment suit in light of pending state proceedings." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995). Indeed, "the Supreme Court has expressed that 'it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court

presenting the same issues, not governed by federal law, between the same parties.'" *Ameritas*, 411 F.3d at 1330 (quoting *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 495 (1942)). In making a decision to abstain, the court should be "[g]uided by . . . 'the same considerations of federalism, efficiency, and comity that traditionally inform a federal court's discretionary decision whether to abstain from exercising jurisdiction over state-law claims in the face of parallel litigation in state courts[.]'" *Id.* at 1330–31. The Eleventh Circuit has identified a non-exhaustive list of factors—a guidepost—to assist courts in their analysis:

> (1) the strength of the state's interest in having the issues raised in the federal declaratory action decided in the state courts;
>
> (2) whether the judgment in the federal declaratory action would settle the controversy;
>
> (3) whether the federal declaratory action would serve a useful purpose in clarifying the legal relations at issue;
>
> (4) whether the declaratory remedy is being used merely for the purpose of "procedural fencing"—that is, to provide an arena for a race for *res judicata* or to achieve a federal hearing in a case otherwise not removable;
>
> (5) whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction;
>
> (6) whether there is an alternative remedy that is better or more effective;
>
> (7) whether the underlying factual issues are important to an informed resolution of the case;
>
> (8) whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and
>
> (9) whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action.

*Id.* at 1331.

First, the Court finds that the two actions are parallel as they "involve substantially the same parties and substantially the same issues." *Ambrosia Coal & Constr. Co. v. Pagés Morales*, 368 F. 3d 1320, 1330 (11th Cir. 2004). It is undisputed that the actions seek the same relief, save for the state court action's request that the court construe also Landmark's obligations to Elevation under the policies.

Considering the first, eighth, and ninth factors, "disputes concerning the interpretation of an insurance policy under state law [generally] weigh heavily in favor of abstention." *United Specialty Ins. Co. v. Pulte Home Corp.*, No. 6:17-cv-467-Orl, 2018 WL 3827640, at *3 (M.D. Fla. Mar. 28, 2018). This is because state law, as opposed to federal law, governs contractual disputes. *Am. Nat'l Prop. & Cas. Co. v. Gulf Coast Aerial, LLC*, No. 1:19-00198, 2019 WL 4131107, at *7 (S.D. Ala. Aug. 29, 2019), *report and recommendation adopted*, 2019 WL 4725160 (S.D. Ala. Sept. 26, 2019); *see also State Auto Ins. Cos. v. Summy*, 234 F.3d 131, 136 (3d Cir. 2000), *as amended* (Jan. 30, 2001) ("The desire of insurance companies and their insureds to receive declarations in federal court on matters of purely state law has no special call on the federal forum."). However, the Court finds these factors to be neutral because Elevation argues that Texas law, not Florida law, will apply because the Property is in Texas, and this Court routinely applies state law in diversity cases.

As for the second factor, the Court finds that this factor weighs in favor of abstention because the federal declaratory action will leave open whether the outcome concerning the OLLE will also apply to Landmark. In the event the court finds in Elevation's favor, Landmark's policy will be triggered without them having the ability to weigh in on the issue, which would likely lead to additional litigation.

Similarly, the fourth, fifth, sixth, and seventh factors weigh toward abstention. Both parties insist that the other is "procedural fencing." The Court, however, is not persuaded that the motion must be denied because Arch filed its declaratory action first. *Atl. Specialty Ins. Co. v. Mills*, No. 6:20-cv-2333, 2021 WL 2531064, at *3 n.4 (M.D. Fla. Mar. 29, 2021) ("That the action in state court was filed after the federal complaint, in anticipation of the motion to dismiss, is of no moment." (quoting *Triple S Refin. Corp. v. Mount Canaan Full Gospel Church*, 254 F. App'x 762, 763 (11th Cir. 2007)). Rather, the Court agrees that the construction of the OLLE will likely have an impact on Landmark's obligations and thus the state action will most efficiently resolve the issues as to all the parties likely to be impacted. *See Protective Ins. Co. v. Compher*, No. 3:11-cv-183-J, 2012 WL 13098685, at *7 (M.D. Fla. Nov. 26, 2012). Although Arch argues that the same result can be reached in this case through a third-party action, the state action provides a more streamlined approach, and allowing both actions to proceed simultaneously could produce inconsistent outcomes as to the interpretation of the policies.

In sum, although the Court is well-equipped to resolve the issues raised in the underlying complaint, there are no federal issues involved and the state-action provides a full resolution of the obligations of all parties involved. Thus, the Court will grant Elevation's motion and dismiss Arch's amended complaint.

## III. CONCLUSION

It is hereby **ORDERED** and **ADJUDGED** as follows:

1. Elevation Financial Group, LLC's Motion for Abstention (Doc. 32) is **GRANTED**.

2. Arch Specialty Insurance Company's First Amended Complaint (Doc. 13) is **DISMISSED without prejudice**.

3. All other pending motions are **DENIED as moot**.

4. The Clerk is directed to close this case.

**DONE AND ORDERED** in Orlando, Florida on August 21, 2023.

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record